313; Allen v. State, 94 Tex.Cr.R. 646, 252 S.W. 505; Summers v. State, 122 Tex.Cr. R. 179, 54 S.W.(2d) 508, and others.

 Applying this to the case at bar we observe that appellant had no sort of interest in the money of Mrs. Dolen which was turned over to him for the specific purpose of investment in stocks, same to be thereafter sold, and if for profit, then and not until then, he, appellant, to get 10 per cent. of such profit. He did not buy any stocks with said money. The condition precedent to the partnership, if any ever could have been created, never arose or was complied with. Appellant applied all the money that Mrs. Dolen turned over to him to his own use and benefit and bought no stocks. We see no reason for discussing the civil cases cited in appellant's motion.

The motion for rehearing is overruled.

## ALFORD v. STATE.
### No. 18963.

Court of Criminal Appeals of Texas.
April 21, 1937.

W. A. Culwell, of Amarillo, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the violation of article 525, P.C., which denounces the soliciting or procuring of a female for the purpose of having unlawful sexual intercourse with a male person; penalty assessed at a fine of $50 and confinement in the county jail for 60 days.

The complaint and information appear regular. The record is before us without statement of facts or bills of exception. Nothing is perceived which would justify a reversal of the judgment of conviction. It is therefore affirmed.